# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

## Nesmith *against* Drum.

A draft upon a particular fund in the hands of an attorney for collection is an equitable assignment of it, and although not accepted by the attorney, yet it is not afterwards subject to be attached for the debt of the drawer.

ERROR to the District Court of *Mercer* county.

Thomas Nesmith having obtained a judgment against Jacob Drum, Henry Drum and James Collins, issued a *fieri facias* with a clause of attachment and *scire facias* against John Hawkins as garnishee, which was issued and served 14th June 1842. Upon interrogatories filed by the plaintiff, the garnishee answered that he owed a debt to Jacob Drum, Henry Drum and James Collins, of $297.27, for which they had obtained a judgment against him. Upon which the plaintiff asked for judgment against the garnishee. Whereupon William Wheelen by his attorney appeared in court, and claimed the fund upon the following order:

VIII.— 2                                                    (9)

8ws  9
158  418

8ws  9
162  590

8 WS     9
21 SC  122

8 WS     9
30 SC  295

8ws    9
39SC  252
41SC  366

[Nesmith v. Drum.]

" H. H. Budd, Esq., please pay over to William Wheelen or order the amount of the note on John Hawkins when collected, as the note is to be applied to the payment on a note in the Warren Bank; or if said Drums and Collins should pay off said note, this order to be lifted. By so doing, you will oblige

JACOB DRUM,
HENRY DRUM,
JAMES COLLINS.

Feb. 14, 1842."

The following is endorsed on the back of the above writing:

"Accept the within order, and agree to pay over the same when collected, reserving my fees and per centage.

H. H. BUDD.

Feb. 14, 1842."

The court below (THOMPSON, President) rendered a judgment for the defendant.

*Stephenson*, for plaintiff in error.
*Pearson*, for defendant in error.

PER CURIAM.—An equitable assignment is an agreement in the nature of a declaration of trust, which a chancellor, though deaf to the prayer of a volunteer, never hesitates to execute when it has been made on valuable, or even good consideration. Could there be a more explicit declaration than the order before us? Drum and Collins draw on their lawyer for the proceeds of an action against Hawkins, which they declare in the order to have been appropriated to payment of their note in the Warren Bank, on which Wheelen, the payee, was one of their sureties. If this appropriation was a condition of the contract of suretyship, it rested on a valuable consideration; if it was not, it rested on a good one, which is equally available. Drum and Collins were bound to secure Wheelen by putting funds into his hands to take up the paper at maturity, if they should not; and in giving this order they yielded to a moral obligation, which is a consideration for an express contract. The appropriation, then, being complete as an assignment of the fund by the agreement of the parties, even without the acceptance of the drawee, could not be revoked.

Judgment affirmed.