## Ruple, to use of Lewis, *versus* Bindley.

1. An assignment for a valuable consideration of demands, having at the time no actual existence, but which rest in expectancy only, is valid in equity as an agreement, and takes effect as an assignment, when the demands intended to be assigned are subsequently brought into existence. East Lewisburg Lumber and Manufacturing Company *v.* Marsh, *ante*, p. 96, followed.

2. Undecided whether assignments of parts of a demand to different persons, to secure payments to them of specific sums, in succession, are valid in Pennsylvania.

3. The form of the assignment is immaterial, so that there be a clearly expressed intention of an immediate transfer of the right to the assignee.

4. Jermyn *v.* Moffit, 25 P. F. Smith 400, distinguished.

October 13th 1879.   Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ.   GREEN, J., absent.

Error to the Court of Common Pleas, No. 1, of *Allegheny county*: Of October and November Term 1879, No. 168.

Assumpsit by James L. Ruple, for use of Amos Lewis, against John C. Bindley.

The facts were these: James L. Ruple was a stair-builder; Amos Lewis was the proprietor of a planing-mill and lumber yard in the city of Pittsburgh; John C. Bindley was a builder and contractor.   In June 1877, Bindley was erecting a building in Pittsburgh, and Ruple made a bid to Bindley to put up the stairs for him.   Bindley agreed to accept his bid at $133, provided Ruple would allow credit for $28.12, the amount of a hardware bill, which Ruple owed to England & Bindley, balance to be paid when the stairs were finished.   Ruple, not having the means to provide the materials and support himself while he was doing the job, applied to Amos Lewis to assist him.   Lewis then agreed to furnish to Ruple the necessary materials and advance money, as the work proceeded, to the amount of $104.85, the balance of the contract price for the stairs, after deducting the England & Bindley bill for hardware, which balance it was agreed should be paid to Lewis, and to secure Lewis an order was drawn up and signed by Ruple, in the following words, viz.:

"Pittsburgh, June 18th 1877.

Mr. JOHN C. BINDLEY:

Pay to Amos Lewis the sum of $104.85, and charge to my account.   This order payable when I finish stairs at Congress Hall, on Webster street.

JAS. L. RUPLE."

[Ruple *v.* Bindley.]

Lewis then went on and furnished to Ruple the necessary materials for the stairs, and supplied him with money every Saturday evening, while he was working at the stairs, to the amount of $104.85.

Shortly after the work was commenced, Bindley was informed of this transaction, and the order was presented to him for acceptance. Bindley refused to accept the order in writing, but said it was all right, provided Ruple finished the stairs, and he would accept when the stairs were finished. Ruple finished the stairs according to contract, and notwithstanding his promise, Bindley refused to accept or pay the order; and afterwards, on the 8th of December 1877, as he claimed, he settled with Ruple, and took his receipt for $133, in full. Lewis then brought this suit in the name of Ruple, for his use, treating the order and notice of the same as an equitable assignment of the claim by Ruple to him, Lewis.

The plaintiff declared upon the order, and the promise of Bindley to pay it when the work was finished, averring the completion of the work, and also added common counts. Defendant pleaded nonassumpsit, payment with leave, &c.

On the trial the plaintiff proved the contract between himself and Ruple, the notice to Bindley, the drawing of the order, the presentation of the same to Bindley and his promise to pay it when the work was completed; also proved the completion of the stairs by Ruple, that plaintiff furnished the materials and money to Ruple as the work progressed, offered the order and rested. The defendant then claimed that he never agreed to pay the order at any time, and produced the receipt of Ruple, dated December 8th 1877, and alleged that he had settled with Ruple in full.

The following points were presented by the plaintiff, both of which the court refused:—

1. That the order held by the plaintiff, drawn by Ruple on the defendant, operated as an equitable assignment of the debt (if any) due by Bindley to Ruple, and if Bindley, after notice of this order, paid the money to Ruple, he paid it in his own wrong, and is still liable to the plaintiff.

2. That if the jury find from the evidence that defendant promised to pay the order in evidence as soon as the work to be done by Ruple was finished, and that on the strength of said promise the plaintiff advanced money and material to Ruple to build said stairs, to the amount of said order, and that Ruple finished the stairs, that then said defendant is liable for the amount of said order.

The first and third points of defendant were as follows, both of which the court affirmed:—

1. That the promise to pay Lewis, alleged to have been made by Bindley, the defendant, if made at all, was without consideration,

[Ruple *v.* Bindley.]

and was void as a *nudum pactum,* and there can be no recovery in this suit on such promise.

3. That the plaintiff in this action can recover only such sum as the defendant owed Ruple at the time the action was commenced, and if the jury believe that prior thereto Ruple had been paid in full, their verdict must be for the defendant.

In the general charge, the court, Stowe, P. J., inter alia, said : "There is nothing in the evidence, under the pleadings in this case, which will justify a recovery in this suit."

Verdict for defendant accordingly, when plaintiff took this writ, and alleged that the court erred, 1. In the instruction above; 2 and 3. In the refusal of plaintiff's points; and 4 and 5. In the affirmance of defendant's.

*Barton & Sons,* for plaintiff in error.—This case is ruled by Caldwell *v.* Hartupee, 20 P. F. Smith 74. If one man delivers goods to another upon the request of a third party, and upon the promise to pay for the same at a particular time, or upon the happening of a certain event, when the conditions are performed by both, he is bound by his promise. It is not a promise to pay the debt of another, but a debt created upon the faith and strength of the promise.

*Chris. Magee,* for defendant in error.—In Caldwell *v.* Hartupee, *supra,* the money had been earned or was due and coming to Hartupee before the order was given, and therefore in that case the court held that Hartupee had a right to assign it, and that an order given by him with notice of the order, was an equitable assignment that would take the money.

The third specification of error simply asserts that if Bindley promised Lewis that he would pay the order when Ruple finished the stairs, and Ruple did so, that then Bindley must pay the debt which he owed Ruple to Lewis, as the assignee of the claim, and that question is not affected by the fact of money and material being advanced by Lewis to Ruple on the strength of the promise.

In Jermyn *v.* Moffit, 25 P. F. Smith 400, this court held " that an assignment of wages not yet earned, although followed by notice of the assignment, is insufficient to make a valid transfer of the debt without acceptance."

Mr. Justice TRUNKEY delivered the opinion of the court, October 27th 1879.

The evidence was amply sufficient to warrant a jury in finding that Ruple contracted to build a flight of stairs for Bindley for $133, Bindley to first pay out of said sum $28.15 which Ruple owed to England & Bindley ; that the order for $104.85 was given for the balance of the contract price, in consideration that

[Ruple v. Bindley.]

Lewis would furnish Ruple with material and money to enable him to do the work, and they were so furnished; that Bindley had notice of the order about the time the work was commenced and before he had paid anything to Ruple; and that Bindley paid $82 to Boyd on an order given after said notice, and to Ruple the balance of the contract price. The jury were instructed that there was nothing in the evidence to justify the plaintiff's recovery. If it were material to the plaintiff's case that Bindley agreed to pay the order, on completion of the work, though he refused a written acceptance, the conflicting testimony on this question should have been submitted.

An assignment, for a valuable consideration, of demands having at the time no actual existence, but which rest in expectancy only, is valid in equity as an agreement, and takes effect as an assignment, when the demands intended to be assigned are subsequently brought into existence: Field v. City of New York, 6 N. Y. 179; East Lewisburg Lumber & Manuf. Co. v. Marsh, Dunkel et al., ante, p. 96. In Field v. The City, it was held that assignments of parts of a demand to different persons, to secure payments to them of specific sums, in succession, are good and will be enforced in equity. Whether such assignments are valid in Pennsylvania need not now be said; for the order covered the whole, after deducting the sum to be paid, by the terms of the contract, to England & Bindley.

The form is immaterial so that there be a clearly expressed intention of an immediate transfer of the right to the assignee. Where one was indebted to a number of persons and remitted a sum of money to B., with orders to give specific parts to certain creditors, it was held that B. became a trustee for those creditors, and that they, thereupon, acquired such an interest in the trust fund as could not be divested by an attachment against the debtor, though some of the creditors had no notice of the trust before the service of the attachment: Sharpless v. Welsh, 4 Dall. 279. An order to the drawer's attorney, to pay to W. the amount of a note on H. when collected, is an assignment of the fund, by the agreement of the parties, and cannot be revoked, even if the draft was not accepted by the drawee: Nesmith v. Drum, 8 W. & S. 9. In Caldwell v. Hartupee & Co., 20 P. F. Smith 74, an order for part of a fund was held to be a valid equitable assignment. Caldwell was to receive money for use of Hartupee & Co., who were indebted to a firm of which Caldwell was a partner. Hartupee & Co., gave an order to Cuthbert for $1500, out of proceeds of the last note coming to them, which, on presentation, Caldwell refused to accept, saying, "Hartupee & Co. owed them money and he was going to apply it on their book account." At the time of said refusal Caldwell had in his hands only about $30, but afterwards received more than enough to pay the order. On the trial Caldwell's defence of

[Ruple *v.* Bindley.]

set-off was rejected as to the amount of the order, and allowed for the balance in his hands.

The defendant seems to rely on Jermyn *v.* Moffitt, 25 P. F. Smith 400, where it was held that a transfer of "a debt to arise for wages not yet earned, against any person by whom the assignor may afterwards be employed, although followed by a subsequent notice of the assignment to such an employer, is insufficient, without acceptance, to make a valid transfer of the debt against the employer." The soundness of this principle is unquestioned, and was strictly applicable to the facts of that case. Jermyn's name was not in the instrument; Leslie, the assignor, had no contract with him, was not then in his employ, and, consequently, there was neither a present nor expectant fund on which the assignment could attach. On the trial, the point that "an assignment can only be made of moneys due or owing, and not *in futuro* of moneys to be earned," was refused, with answer that "a party is competent to assign wages to come due if the vested rights of third parties are in nowise prejudiced thereby;" and this court said there was no error in that.

We are of opinion that the order by Ruple to Lewis was an equitable assignment; and, in connection with the facts which the jury might well have found, had the evidence been submitted, the plaintiff was entitled to recover. For the present inquiry such facts must be considered as existing. The first, second, third and fifth assignments of error are sustained.

It may be presumed that if the case had been given to the jury, the matter contained in the fourth assignment would have been properly explained. This suit is not on the alleged promise of Bindley to pay Lewis, but on the contract assigned by Ruple.

Judgment reversed and *venire facias de novo* awarded.