## Moeser, Administrator, *v.* Schneider, Appellant.

[Marked to be reported.]

*Equitable assignment—Affidavit of defence—Act of May 10, 1881.*

An equitable assignment is an agreement in the nature of a declaration of trust, which a chancellor never hesitates to execute when it has been made on a valuable, or even good consideration. The form of the assign-ment is immaterial, so that there be a clearly expressed intention of an immediate transfer of the right to the assignee.

In an action against an agent to recover the amount of a legacy collected by him for plaintiff's intestate Knuchel, defendant filed an affidavit of de-fence in which he averred that he had been employed by Knuchel to collect

an inheritance for him; that Knuchel was indebted to Jampen; that in order to pay this indebtedness and secure Jampen for money which he was about to advance, Knuchel directed defendant to prepare an assignment of the inheritance to Jampen, and that this was done; that by this instrument Knuchel and wife acknowledged themselves indebted for board and lodging and money loaned, and bound themselves to pay the same with the money from the inheritance. The affidavit further averred that on the faith of this assignment the said Jampen loaned Knuchel the further sum of two hundred and fifty dollars, making a total indebtedness of four hundred and fifty-six dollars and fifty cents; that Knuchel signed and deposited this instrument with defendant and ordered him to pay Jampen; that he accepted said assignment as an order to pay and promised Jampen to pay the fund to him when received; that the amount of the inheritance so received was less than $456. *Held,* that an equitable assignment of the fund was sufficiently averred by taking the instrument in connection with the averments of the affidavit.

The act of May 10, 1881, P. L. 17, requiring acceptances exceeding $20.00 to be in writing, does not apply to such a case. The objection that the acceptance is not in writing can only come from the acceptor. Ulrich v. Hower, 156 Pa. 419, applied.

Argued Oct. 23, 1893. Appeal, No. 58, Oct. T., 1893, by defendant, Arnold Schneider, from order of C. P. No. 1, Allegheny Co., June T., 1892, No. 926, making absolute rule for judgment for want of sufficient affidavit of defence in favor of plaintiff, Albert H. Moeser, administrator of estate of Edward Knuchel, deceased, in right of said estate, as well as assignee of Mrs. Mary Knuchel. Before Sterrett, C. J., Green, McCollum, Mitchell, Dean and Thompson, JJ.

Assumpsit for legacy collected by defendant for plaintiff's intestate.

The affidavit of defence was as follows:

" During the early part of the year 1888, Edward Knuchel, at that time a single man, employed defendant as his agent to collect a certain inheritance coming to said Knuchel from Switzerland. Said Edward Knuchel was at that time indebted to one Frederick Jampen, and was desirous of further increasing said indebtedness in order to obtain money with which to begin housekeeping, he the said Knuchel being about to marry. He therefore directed defendant to draw up an assignment of the inheritance coming to him from Switzerland in favor of said Frederick Jampen, in order that he, the said Jampen, might be

secured for any loans made or to be made by him to the said Knuchel.

" On the faith of this assignment said Jampen loaned the said Knuchel the further sum of $250, making the total indebtedness of Knuchel to Jampen $456.50, with interest from ————.

" Defendant further avers that in pursuance of the orders of said Edward Knuchel he drew up an assignment of said fund in German, a true copy whereof is attached hereto and made part hereof, together with a translation of the same into English, which defendant deposes and says is a true, correct, and literal translation of the same.

" That said Knuchel signed and executed said assignment and deposited the same with defendant; and that at the time of signing and executing same, said Knuchel commanded defendant to pay said Jampen the amount of his claim as soon as said inheritance should come from Switzerland.

" That defendant as agent and trustee of said Knuchel accepted said assignment as an order on said fund, and promised the said Jampen to pay him the amount of his claim as soon as the same should arrive from Switzerland.

" That said Knuchel after the execution of said assignment and after his marriage with Mrs. Maria Knuchel (formerly Boss) died about December, 1889, and that the fund now in the hands of defendant has been collected as part of the estate of said Edward Knuchel, deceased.

" That the fund now in the hands of defendant, even without deducting defendant's commission for collecting same, is insufficient and inadequate to satisfy and pay the claim of said Frederick Jampen.

" That plaintiff, as administrator of the estate of Edward Knuchel, deceased, has no interest in said fund; the interest of said Edward Knuchel, deceased, having passed to said Frederick Jampen under the assignment aforesaid.

" That plaintiff as assignee of Mrs. Maria Knuchel is not entitled to said fund, said Maria Knuchel having no interest in said fund excepting such as she would take as widow of said Edward Knuchel, deceased, under the intestate laws of the state of Pennsylvania, said fund not having been collected under her power of attorney by reason of any other interest that she might have in the same, her interest having been di-

vested during the lifetime of her husband and prior to the execution of said power of attorney by the assignment aforesaid.

" Wherefore defendant avers that he is not indebted to plaintiff in any sum, manner or form whatever."

Translation of assignment, dated March 29, 1888, signed by Edward Knuchel only and witnessed by Arnold Schneider:

" Acknowledgment of indebtedness.

" We, the undersigned, Edward Knuchel and Mary Knuchel, his wife, formerly the widow Boss, hereby declare ourselves indebted to Mr. Frederick Jampen, residing at 1131 Penn Avenue, City, for the sum of $456, for boarding, lodging and money loaned us. We bind ourselves to pay the same with the money coming to the husband, Knuchel, from Switzerland. But should he not obtain the inheritance we promise nevertheless to pay the sum of $456 at the first demand of Mr. Jampen, and we acknowledge severally and both of us to be bound by this debt."

Judgment for plaintiff notwithstanding affidavit of defence. Defendant appealed.


*Error assigned* was entry of judgment.


*John F. Miller, Thomas B. Alcorn* with him, for appellant.— On motion for judgment for want of sufficient affidavit of defence all averments of fact must, for the purpose of the hearing, be taken to be true : Feust v. Fell, 6 W. N. 43.

Where it can be shown that, but for oral stipulations made at the time, the party affected would not have executed a written instrument, it may be varied by parol evidence: Caley v. R. R., 80 Pa. 363; Koch v. Dunkle, 90 Pa. 264; Harvey v. Vandergrift, 86 Pa. 364; Lewis v. Berry, 64 Barb. 593.

An equitable assignment is an agreement in the nature of a declaration of trust: Guthrie's Ap., 92 Pa. 279. The form is immaterial: Bispham's Eq., § 167; Ross v. Wells, 5 Kulp, 73. So that there be a clearly expressed intention of an immediate transfer of the right to the assignee: Ruple v. Bindley, 91 Pa. 296. It is sufficient, if there be a verbal declaration by which the intention to part with the ownership of the chose is manifested: Bispham's Eq. § 167.

An order to draw upon a particular fund, or for the payment

of particular money in the hands of the drawee not otherwise appropriated, followed by notice of such order to the drawee, is an equitable assignment of the money of the drawer in the hands of the drawee, to the amount of such order: Lewis v. Berry, 64 Barb. 593. A judgment may be assigned by parol, or writing without seal: Ford v. Stuart, 19 Johns. 342; Becton v. Ferguson, 22 Ala. 599; Arnold v. Barrow's Exrs., 2 Patton & Heath (Va.), 1. A delivery of a note, etc., with intent to transfer the debt for valuable consideration is, in general, a sufficient assignment of the note, etc: Clark v. Rodgers, 2 Me. 147; Jones v. Witter, 13 Mass. 304. A book debt may be assigned by mere words only: Spafford v. Page, 15 Vt. 490.

Courts of equity give effect to assignments in many cases where they would not be sustained at common law: Clemson v. Davidson, 5 Bin. 392; Nesmith v. Drum, 8 W. & S. 9. An order upon a trustee in favor of a third party operates as an equitable assignment immediately upon delivery; and this though the trustee receive notice as garnishee in attachment before receiving the order: Soley's Est., 15 W. N. 351.

*G. H. Stengle, A. H. Moeser* with him for appellee.—An agreement to pay out of a particular fund, however clear in its terms, is not an equitable assignment: Christmas v. Russell, 14 Wal. 70; Gibson v. Stone, 43 Barb. 285; Rogers v. Hosack, 18 Wend. 319; Trist v. Child, 21 Wal. 447; Geist's Ap., 104 Pa. 355. An order to an agent to collect money and hand it over to a third party will not amount to an assignment: Bispham's Eq. § 167.

This order cannot be construed as an equitable assignment, for the further reason that there was no subject-matter upon which the order could presently attach: Rodick v. Gandell, 1 De G. M. & G. 778.

To make an equitable assignment, there should be such an actual or constructive appropriation of the subject-matter as to confer a complete and present right on the party meant to be provided for, even where the circumstances do not admit of its immediate exercise: Christmas v. Russell, 14 Wal. 70.

There must be an appropriation of the fund pro tanto, either by giving an order or by transferring it otherwise in such a manner that the holder is authorized to pay the amount direct-

ly to the creditor without the further intervention of the debtor : Trist v. Child, 21 Wal. 447 ; Geist's Ap., 104 Pa. 335.

A mere promise to pay out of a particular fund when received, the promiser retaining control of such fund and no notice being given to the person who is to pay, creates no lien or charge upon such fund: Tremont Nail Co. Case, 16 N. B. R. 448; Bank v. Gish's Assignee, 72 Pa. 13; Rodick v. Gandell, 1 De G. M. & G. 763 ; Wylie & Quail's Ap., 92 Pa. 196.

The act of May 10, 1881, P. L. 17, applies to this case : Maginn v. Savings Bank, 131 Pa. 362.

OPINION BY MR. JUSTICE THOMPSON, November 13, 1893 :

The affidavit of defence, for the insufficiency of which the court below entered judgment against appellant, sets forth that he was employed by Edward Knuchel to collect an inheritance for him ; that Knuchel was indebted to Frederick Jampen ; that in order to pay this indebtedness and secure him for money which he was about to advance, he directed appellant to prepare an assignment of this inheritance to Jampen, and that he did so, a copy of which is annexed to the affidavit.  By this instrument Knuchel and his wife acknowledged themselves indebted for board and lodging and money loaned, and they bind themselves to pay the same with the money from the inheritance.  The affidavit then avers that on the faith of this assignment the said Jampen loaned Knuchel the further sum of two hundred and fifty dollars, making a total indebtedness of four hundred and fifty-six dollars and fifty cents ; that Knuchel signed and deposited this instrument with appellant and ordered him to pay Jampen ; that he accepted said assignment as an order to pay and promised Jampen to pay the fund to him when received; that the amount of the inheritance so received was less than $456.

While the instrument was intended as an assignment of the inheritance it does not operate as such ; yet, taking it in connection with the balance of the affidavit an equitable assignment of the fund is sufficiently averred.  The fund which was coming to Knuchel was to be assigned to Jampen as a payment for his indebtedness.  For this purpose Knuchel having executed the acknowledgment and having ordered appellant to pay to Jampen, appellant promised Jampen to do so.  Knuchel was en-

titled to the fund as an inheritance, and appellant was employed to collect it for him. The facts averred in the affidavit show an appropriation of it to the payment of the indebtedness due Jampen, and a direction to pay him. They amount to an equitable assignment of it.

In Nesmith v. Drum, 8 W. & S. 10, it is said : " An equitable assignment is an agreement in the nature of a declaration of trust, which a chancellor, though deaf to the prayer of a volunteer, never hesitates to execute when it has been made on a valuable, or even good consideration. Could there be a more explicit declaration than the order before us ? Drum and Collins draw on their lawyer for the proceeds of an action against Hawkins, which they declare in the order to have been appropriated to payment of their note in the Warren Bank, on which Wheelen, the payee, was one of their sureties. If this appropriation was a condition of the contract of suretyship it rested on a valuable consideration ; if it was not it rested on a good one, which is equally available." In Ruple v. Bindley, 91 Pa. 296, it is said: " The form is immaterial so that there be a clearly expressed intention of an immediate transfer of the right to the assignee. Where one was indebted to a number of persons and remitted a sum of money to B, with orders to give specific parts to certain creditors, it was held that B became trustee for those creditors, and they thereupon acquired such an interest in the trust fund as could not be divested by an attachment against the debtor, though some of the creditors had no notice of the trust before the service of the attachment: Sharpless v. Welsh, 4 Dall. 279. An order to the drawer's attorney to pay to W the amount of a note on H when collected, is an assignment of the fund, by the agreement of the parties, and cannot be revoked, even if the draft was not accepted by the drawee." Clearly Knuchel could not successfully deny the assignment ; if so, his administrator, standing in his shoes, cannot do so.

It is contended by appellee that this case comes within the grasp of the act of assembly of May 10, 1881, P. L. 17, which provides that no person shall be charged as an acceptor on a bill of exchange, draft or order, drawn for the payment of money, exceeding twenty dollars, unless his acceptance shall be in writing, signed by himself or his lawful agent. But such

is not the case. The objection, as decided by this court, can only come from the acceptor. In Ulrich v. Hower, 156 Pa. 419, in which the plaintiff, by a verbal agreement, assigned and appropriated a certain amount to a creditor, and the defendant being informed of this agreed to pay the balance to such creditor, Mr. Justice MITCHELL said : " The exclusion of the testimony of Ritter as to the assignment to him of plaintiff's claim was error. What was proposed to be proved was not a verbal acceptance of a bill of exchange, draft, or order for the payment of money which the act of May 10, 1881, P. L. 17, requires to be in writing, but an assignment to a creditor by a debtor of a claim for money due the latter by the third person. It is not entirely clear that it is within the statute at all, but whether it is or not, the objection can only be raised by the acceptor for whose benefit the statute was passed. The language is 'no person shall be charged as an acceptor.' "

Judgment reversed and procedendo awarded.