## Lamponi, Appellant, *v.* Barrie.

*Assignment — Equitable assignment — Notice — Affidavit of defense.*

In an action of assumpsit, where the plaintiff in his statement avers that he loaned money to a person since deceased, that at the time of the loan such person assigned to him the amount of the loan, from money then due, or which might thereafter become due to her from the defendants, and that notice had been given of such assignment to the defendant, an affidavit of defense is insufficient which admits possession of funds of the decedent sufficient to pay the plaintiff's claim, and avers that defendants did not receive notice of the assignment until some time after it was made, but contains no averment of notice of any other assignment or the claim of any other person upon the fund.

Argued Nov. 3, 1916. Appeal, No. 214, Oct. T., 1916, by plaintiff, from order of C. P. No. 3, Philadelphia Co., March T., 1914, No. 2707, discharging rule for judgment for want of a sufficient affidavit of defense in case of Donatelle Lamponi v. George Barrie et al., trading as George Barrie & Sons. Before ORLADY, P. J., PORTER, HEAD, TREXLER and WILLIAMS, JJ. Reversed.

Assumpsit for money held for plaintiff's use.

The averments of the statement of claim and affidavit of defense are set forth in the opinion of the Superior Court.

*Error assigned* was order discharging rule for judgment for want of a sufficient affidavit of defense.

*Wm. P. Davis, Jr.,* for appellant.—The transaction was an equitable assignment of so much of the moneys in the hands of the defendants as was necessary to pay the loan and interest: Clemson v. Davidson, 5 Binney 392; Philadelphia v. Lockhardt, 73 Pa. 211; Geist's App., 104 Pa. 351; Nesmith v. Drum, 8 W. & S. 9; Wood's Est., 243 Pa. 211; Ruple v. Bindley, 91 Pa. 296; Walsh's App,. 122 Pa. 177.

*Robert J. Kennedy,* for appellees.

OPINION BY WILLIAMS, J., March 9, 1917:

Plaintiff, Lamponi, in his statement of claim, avers that he loaned to one Mrs. Oesterman the sum of $1,457.36, on July 6, 1909; that at the time of the loan, and in consideration thereof, she assigned to him the amount of the loan from moneys then due, or which might thereafter become due, to her from the defendants; that, at the time of the loan, a representative of the defendants agreed with the plaintiff and Mrs. Oesterman that the defendants would pay the amount of the loan to the plaintiff out of moneys in hand or presently to become due; that notice had been given by the plaintiff to the defendant, and that Mrs. Oesterman subsequently died.

The affidavit of defense admitted the possession of funds belonging to Mrs. Oesterman sufficient to pay the plaintiff's claim; averred that defendants did not receive notice of the assignment until some time after it was made; and "that the question as to whether the said moneys are due to the plaintiff in the said suit is a matter for the decision of the court,......"

The statement avers a good cause of action against the defendants. Any acts done, or words spoken, which show an intention to transfer immediately a chose in action, are sufficient to constitute a valid equitable assignment: Ruple v. Bindley, 91 Pa. 296; Moeser v. Schneider, 158 Pa. 412. The affidavit simply avers that the defendants received no notice until after the assign-

ment and that they were stakeholders. It is true that a subsequent assignee, equitable or otherwise, who has given notice to the debtor before the first assignee, has priority: Phillips's Est. (No. 3), 205 Pa. 515. No prior equities are, however, set up in the affidavit to make the alleged lack of notice have any bearing upon the case. The paper book furnished by the appellee does set forth information not in the affidavit that a claim had been made upon the fund by a subsequent assignee, and by the executors of Mrs. Oesterman. Notice of both of these claims appears to have been given several months after the assignment to the plaintiff. Whether this information had any effect upon the decision of the court below we cannot conjecture. The fact remains that nothing appears in the affidavit which, if proved, would constitute a defense.

The court below refused to enter judgment for want of a sufficient affidavit of defense, so that if an issue be framed for trial, there are but two contentions raised by the pleadings: (1) that the defendants are stakeholders; and (2) that they did not receive notice of the assignment until some time after it had been made. Neither of these, if sustained, would prevent judgment for the plaintiff.

The order of the court is, therefore, reversed and the record remitted with direction that judgment be entered against the defendants for want of a sufficient affidavit of defense unless other legal or equitable cause be shown why such judgment should not be entered.