Beechwood Improvement Company, Limited, to use, Appellant, *v.* Farrell City.

Argued April 17, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Leo H. McKay,* with him *C. E. Brockway,* of *Brockway, Whitla & McKay* and *Patterson, Goehring, McClintock & Collin,* for appellant.

*Louis J. Wiesen,* with him *Ben Marks,* City Solicitor, for appellee.

OPINION BY RHODES, J., September 30, 1936:

Viewers appointed by the court below filed a report in which they set forth that the borough of Farrell (now city of Farrell) had appropriated a piece of land of which the Beechwood Improvement Company, Limited, was the owner at the time of the appropriation, and assessed the damages chargeable against the borough of Farrell (now city of Farrell) by reason of the appropriation. The viewers concluded their report by stating that the petitioner (use plaintiff) was not entitled to the damages assessed, and that there was no one in existence entitled to receive the same. Exceptions filed by the

petitioner to the report of the viewers were dismissed by the court below. Petitioner appealed from the order of the court below dismissing its exceptions.

The viewers having found that the land in question was appropriated and that damages for this appropriation were chargeable against the appellee, the question raised for determination by this appeal is whether such damages are payable to the appellant.

The Beechwood Improvement Company, Limited (hereinafter referred to as company), was a limited partnership association organized under the Act of June 2, 1874, P. L. 271 (59 PS §341 et seq.), and owned an 8-foot strip of land in the borough of Farrell, Mercer County, Pa. By appropriate action by the municipal authorities of the borough of Farrell, the land was appropriated for street purposes in 1920. Although there were some negotiations between the borough and the company, no settlement or provision for the payment of damages was ever made with any one. On May 22, 1933, the appellant, a limited partnership association, presented its petition for the appointment of viewers to determine and assess the damages, wherein it claimed to be assignee of the company. Its petition, as amended, averred: "That by proper assignment, your petitioner has become and now is the owner of all the right, title, interest and claim of the said Beechwood Improvement Company, Limited, against the said City (formerly Borough) of Farrell."

After hearing, the viewers filed their report; and their conclusion that appellant was not entitled to receive the damages, in the absence of a formal assignment, was approved by the court below. The viewers prepared an exhaustive report in which, in addition to their findings of fact, they made a painstaking analysis of the legal questions involved. However, we find no precedent cited in the report of the viewers, in the opinion of the court below, or by the appellee, that ineluctably re-

quires the conclusion reached by the viewers and the court below.

The rights of the appellant are based on the effectiveness of the resolutions of the board of managers of the company, adopted on December 26, 1923, to operate as an assignment of the company's claim for damages for the land appropriated. The board of managers of the company, on December 26, 1923, adopted the following resolutions:

"Further resolved that The Beechwood Improvement Company, Limited, does hereby grant and convey, sell, assign, transfer and set over unto Booth & Flinn, Limited, its successors and assigns, all the real property of this association, together with the appurtenances thereto belonging, and wheresoever situate and all the assets of this including stocks, bonds, money in bank, accounts receivable, claims and demands, rights, privileges and equities and personal property of every kind, nature and character.

"Further resolved that the Chairman and Secretary of this Association be and they hereby are authorized and directed for and on behalf of this association and under the corporate seal thereof, by proper deeds, bills of sale, assignments or other proper writings, to grant and convey, assign, transfer and set over to Booth & Flinn, Limited, all the property of this association, real, personal and mixed, including stocks, bonds, money on hand or on deposit, and all assets, claims, rights, and equities of whatsoever kind and nature, so that Booth & Flinn, Limited, shall have, possess and enjoy said property, rights and privileges, in fee simple and absolutely, as fully and to all intents and purposes as now possessed and enjoyed by this association.

"Further resolved that the Chairman and Secretary of this Association be and they hereby are authorized and directed to sign, execute and acknowledge for and on behalf of this association and under its name and

corporate seal, such deeds or other papers, writings as may be requisite and necessary, before any person having authority to take acknowledgments under the laws of the Commonwealth of Pennsylvania.

"Further resolved that inasmuch as this association has ceased to do business and has disposed of all its assets, that a meeting of the stockholders of the association be called forthwith to consider the dissolution and winding up of this association."

On the same day, immediately following the meeting of the board of managers, there was held a meeting of the members of the company, at which the following resolutions were adopted:

"Resolved that The Beechwood Improvement Company, Limited, a limited partnership association, organized under and by virtue of the provisions of the Act of June 2, 1874, P. L. 271, and its supplements, be and the same is hereby dissolved:

"Further resolved that a statement of the dissolution of this association, signed and acknowledged by all the stockholders thereof, be recorded in the office of the Recorder of Deeds of Allegheny County, Pa. reciting the foregoing resolution.

"Further resolved that notice of the dissolution of this association be published in the Pittsburgh Legal Journal, Pittsburgh Gazette Times and the Pittsburgh Press in accordance with law, the said advertising to be signed for and on behalf of this association by George H. Flinn, Chairman and D. O. Jones, Secretary for the time being, for the particular purpose.

"Further resolved that inasmuch as all the assets of this association have been distributed according to law, viz. to its only creditors, Booth & Flinn, Limited, that liquidating trustees be and the same are hereby dispensed with."

No formal assignment of the claim to the appellant

was executed by the chairman and secretary of the company.

In view of the plainly expressed intention of an immediate transfer, followed by the dissolution of the company and the termination of the power of disposition, no formal document was required to effectuate an assignment to the appellant of the company's claim for compensation for the land appropriated. The reasonable and proper disposition of such a controversy is on the facts evidencing a plain intention rather than on formalities. We cannot say, as appellee would have us say, that there is no one entitled to the damages which the viewers have awarded. In any event, we would be inclined to avoid such a result; but it is manifest to us that the appellant is entitled to the damages payable for the land appropriated, and that this right is derived by virtue of the resolutions of the board, operating as an equitable assignment by the company to the appellant.

Appellee, in its brief, admits that, prior to its dissolution on December 26, 1923, the company had a claim against the borough of Farrell, under sections 6 and 8 of article 16 of the Constitution of Pennsylvania, because of the borough's appropriation of its 8-foot strip of land for street purposes, and that the claim could pass by assignment. The appellee also graciously states that it does not seek to evade liability for the appropriation, and is willing to pay the damages when the person entitled thereto has been legally determined. But it urges upon us that the resolutions of the board of managers of the company, without the execution and delivery of a supplemental assignment, cannot operate as an assignment by the company to the appellant, or entitle the appellant to the damages awarded. Under the facts in this case, such contention cannot be sustained.

It is conceded that the appellant had no title to the

land which was appropriated, and it is not disputed that the company's claim for compensation was assignable. *Linton v. Armstrong Water Co.,* 29 Pa. Superior Ct. 172; *McFadden v. Johnson,* 72 Pa. 335.

The resolutions in this case were more than a simple declaration of intention to assign in the future. We unhesitatingly say they constitute an equitable assignment. The appellant was the only creditor of the company. The company had ceased to do business and was winding up its affairs. The resolutions of the board of managers clearly express an intention of an immediate transfer of all of the assets of the company, including its claims, demands, rights, and privileges, to the appellant. See *Ruple v. Bindley,* 91 Pa. 296, 299. The purpose of the words of the resolution, "does hereby grant and convey, sell, assign, transfer and set over," is plain and certain. The resolutions of the board significantly conclude as follows: ". . . . . . that inasmuch as this association has ceased to do business *and has disposed of all its assets,* that a meeting of the stockholders of the association be called forthwith to consider the dissolution and winding up of this association." (Italics ours.) The resolutions, adopted by the members of the company at their meeting held immediately after the meeting of the board of managers, recognized that all of the assets of the company had been distributed to its only creditor, the appellant; and, of course, this could only have been done at that time by the prior resolutions of the board of managers. The board of managers could do, by its own action, in this instance, that which it could authorize to be done. Authorization of the officers to sign, execute, and acknowledge deeds, bills of sale, assignments, or other writings, as may be requisite and necessary, to grant, convey, assign, transfer, and set over unto the appellant all the property of the company so that the appellant could have, possess, and enjoy the same as fully and to all intents and pur-

poses as possessed and enjoyed by the company, was, in our opinion, intended to be supplementary; and the failure or neglect of the officers to execute formal documents could not nullify the declared intention of the company to immediately transfer its assets to the appellant, unless, by law, some document thus executed was a prerequisite to the transfer of certain property or rights of the company. No such formally executed assignment of the claim in this case is a prerequisite to its transfer by the company to the appellant; and that no such formal assignment was deemed necessary is manifested by the course of events, as well as by the resolutions themselves. The dissolution of the company took place without any formal assignment of the claim against the appellee having been prepared, signed, executed, and delivered to the appellant. But it would be unreasonable to assume that the members of the company, meeting immediately after the adoption of the resolutions at the meeting of the board of managers, would proceed so as to possibly nullify the action of the board in disposing of the assets of the company to its only creditor. It is proper to assume that the members would have taken some recognition of the necessity for the preparation and execution of formal documents by the officers of the company, prior to the final dissolution thereof, if they had not understood, as expressed in their own resolutions, that all the assets of the company had been distributed to the appellant by the action of the board of managers.

The company being entitled to compensation from the appellee and the same not having been paid, no particular form of words or particular form of instrument was necessary to make a valid assignment of the claim to the appellant. In *Fett's Estate*, 39 Pa. Superior Ct. 246, at page 252, this court stated: "No particular form of words is necessary to make a valid assignment of a chose in action: 'An equitable assignment is an agreement in

the nature of a declaration of trust, which a chancellor, though deaf to the prayer of a volunteer, never hesitates to execute when it has been made on valuable, or even good consideration': *Nesmith v. Drum,* 8 W. & S. 9. 'An assignment of a chose in action or of a fund need not be by any particular form of words or particular form of instrument': *Watson v. Bagaley,* 12 Pa. 164. 'The form is immaterial, so that there be a clearly expressed intention of an immediate transfer of the right to the assignee': *Ruple v. Bindley,* 91 Pa. 296; *East Lewisburg Lumber, etc., Co. v. Marsh,* 91 Pa. 96; *Moeser v. Schneider,* 158 Pa. 412 [27 A. 1088]."

Nor was it necessary that the express consent of the appellant to the assignment be shown. Where, as here, the assignment was beneficial, consent will be presumed until the contrary appears. See *Smith v. Bank of Washington,* 5 Serg. & R. 318; *Henderson et al. v. Hughes,* 320 Pa. 124, 182 A. 392.

Also the fact that the appellant was the sole creditor of the company furnishes sufficient consideration for the assignment.

The court below, in its opinion dismissing appellant's exceptions to the report of viewers, relies on *Guthrie & Byles's Appeal,* 92 Pa. 269. Our conclusions are not inconsistent with that case.

Order of the court below dismissing exceptions to report of viewers is reversed, and the record is remitted for proceedings in accordance with this opinion.