## General Electric Credit Corporation v. Bald Hill, Inc.

*M. Patricia Becket,* for plaintiff.
*Finan, Beecher, Wagner & Rose,* for defendant.

WILLIAMS, *P. J.,* September 4, 1974—This matter is before us on preliminary objections in the nature of a demurrer to an amended complaint in assumpsit.

The complaint alleges that plaintiff, on July 16, 1971, entered into a written agreement with Conashaugh Lakes, Inc., for the sale of certain land installment sales contracts which Conashaugh Lakes entered into with third parties. On January 1, 1972, Conashaugh Lakes, Inc., assigned all of its rights and interests under the agreement to defendant, and defendant assumed the duties of Conashaugh Lakes, Inc., under the contract. A copy of the assignment is attached to the complaint as Exhibit "B." This assignment reads as follows:

"FOR VALUE RECEIVED, CONASHAUGH LAKES, INC., intending to be legally bound hereby, does hereby assign, transfer and set over unto BALD HILL, INC., its successors and assigns, all its right, title and interest in and to its RESERVE ACCOUNT held and maintained by General Electric Credit Corporation, pursuant to the terms of the Agreement between Conashaugh Lakes, Inc. and said General Electric Credit Corporation, which

Agreement Bald Hill, Inc. agrees to assume and be responsible for."

The complaint further alleges that pursuant to its contract, Conashaugh Lakes, Inc., assigned to plaintiff a land installment contract which it had entered into with Owen G. Brown and his wife, Loreen E., which contract called for 84 monthly payments of $194.89 each; that the Browns defaulted in payments due March 26, 1973, and April 26, 1973, whereby, under the terms of the agreement between Conashaugh and plaintiff, Conashaugh was required to repurchase the Brown contract. The repurchase price was $11,627.86. The complaint alleges that under the assignment of Conashaugh to defendant, defendant assumed the obligation to purchase the Brown contract. Defendant refused to repurchase the contract and plaintiff sued for the repurchase price.

In its preliminary objections, defendant asserts that the complaint does not set forth a good cause of action. The particular grounds on which this objection is taken are: (1) the assignment was not executed by an officer or officers of defendant; and (2) neither the complaint, nor the exhibits attached to the complaint, allege any executed or acknowledged agreement by defendant to assume any liability under the contract.

The complaint specifically alleges that defendant assumed the obligations and duties of Conashaugh Lakes, Inc., under its contract with plaintiff. The assignment by Conashaugh Lakes, Inc., of its rights under its contract with plaintiff specifically states "which Agreement Bald Hill, Inc. agrees to assume and be responsible for."

Defendant contends, in its brief, that the complaint fails to show any acceptance by defendant of the terms of the assignment and for that reason the complaint does not allege a cause of action. There is, however, an allegation in the complaint which expressly states ". . . and the defendant assumed the obligations and duties of Conashaugh Lakes, Inc., thereunder."

It appears that the above language clearly alleges an assumption by Bald Hill, Inc., of the obligations and duties under Conashaugh's agreement with plaintiff.

It is true that the complaint does not state the manner in which defendant assumed Conashaugh's obligations, but, it clearly asserts that it did assume such obligations.

While acceptance of the assignment is essential to delegate the responsibilities of Conashaugh under the contract to defendant, such acceptance may be proved by the conduct and actions of the assignee: 6 C.J.S., 1124, §73. Neither is it necessary to show express consent to the assignment: Beechwood Improvement Company Limited, to use, v. Farrell City, 123 Pa. Superior Ct. 544, 552 (1936). This being true, the absence of any written exhibit to the complaint showing acceptance of the assignment is not fatal to plaintiff's cause of action.

## ORDER

And now, September 4, 1974, preliminary objections are dismissed in their entirety and defendant is given 20 days in which to file an answer to plaintiff's complaint.