# Frank F. Brightly *v.* George McAleer, Appellant.

*Practice, C. P.—Affidavit of defense—Sufficiency.*

An affidavit is in proper form which, averring defense to an alleged contract, instead of denying in general terms the existence of such contract, states the facts and leaves the court to judge of their legal effect. Such method avoids the fault so frequently condemned of merely swearing to a conclusion of law and does not disclose the other error of loading down the affidavit with mere recitals of evidence.

*Attorney at law—Contingent fee—Discharge of counsel—Measure of compensation.*

An agreement to conduct an application for a license on a contingent fee upon which plaintiff undertook the case but afterward solicited and received $100 on account and demanded additional moneys does not present a condition where the discharge of counsel had passed beyond defendants control. The most that counsel could recover was reasonable compensation rendered prior to the time when he was discharged.

*Contract—Denial of compromise agreement—Question for jury.*

Where the cause turns upon the question as to whether a compromise agreement in settlement of a disputed claim had been formulated and con-

ducted to a meeting of minds so as to be equally binding upon both parties and the facts alleged by the affidavit negatived such conclusion, the defendant was entitled to have the case submitted to a jury.

*Contract—Consideration—Compromise of disputed claim.*

. A contract made in compromise and settlement of a disputed claim is binding.          •

Argued Oct. 20, 1896.   Appeal, No. 32, Nov. T., 1896, by defendant, from judgment of C. P. No. 1, Phila. Co., June T., 1895, No. 751, in favor of plaintiff for want of a sufficient affidavit of defense.   Before RICE, P. J., WILLARD, WICKHAM, BEAVER, ORLADY and SMITH, JJ.   Reversed.

. Assumpsit on special contract.

The plaintiff claimed $250 as due him by the defendant under a special contract in consideration of services as attorney at law.

The affidavit of defense was as follows:

George McAleer, the defendant in the above entitled cause, being duly sworn, deposes and says:

That he is advised and believes that he has a just and true defense to the whole of the plaintiff's claim of the following nature:

On or about February 6, 1895, deponent engaged Frank F. Brightly, Esq., the plaintiff in the above entitled case, and Joseph D. Ford, Esq., to apply for a retail liquor license for him to sell malt and spirituous liquor at premises 1420 Columbia avenue, and agreed them to pay a fee of $1,000 contingent upon success.   Afterwards, at their solicitation, this deponent paid the plaintiff and Joseph D. Ford $100 on account.   Subsequently they wrote to this deponent to come down to Mr. Brightly's office on particular business and thereupon they demanded of him additional money, whereupon this deponent expressed dissatisfaction with their conduct and notified them that he intended to go elsewhere for counsel, which he afterwards did.   Thereafter, this deponent called upon the plaintiff to get his papers and inquired of him how much would settle any claim for services that he might have, to which the plaintiff replied $500.   Deponent answered " wouldn't half that sum be sufficient," to which the plaintiff replied, " well, anything at all you like."   Whereupon plaintiff asked deponent to go

444 BRIGHTLY *v.* McALEER, Appellant.

Statement of Facts—Opinion of the Court. [3 Pa. Superior Ct.

upstairs to his office, the interview having taken place on the steps of the building in which the plaintiff's office was. To this, deponent replied that he had an engagement and could not go with him, whereupon plaintiff then said, "license or no license?" to which this deponent replied, "all right." Whereupon the interview ended and deponent went away without having made any promise or engagement other than such as may be inferred from the above conversation.

This deponent is further advised and believes, that as the services, if any, in consideration of which this claim is made, were performed by the plaintiff before the date of this conversation which took place upon the 24th of April, 1895, as alleged in the plaintiff's statement, and as under the original contract, the fee was contingent upon success, and as the license for which the plaintiff was engaged to apply was refused, no liability can arise therefrom.

All of which this deponent believes to be true and expects to be able to prove at the trial of this cause.

The court entered judgment for want of a sufficient affidavit of defense. Defendant appealed.

*Errors assigned* were entering judgment for want of a sufficient affidavit of defense.

*Howard W. Page* of *Page, Allinson & Penrose*, for appellant. —As to the question of the right of plaintiff to recover on a contingent fee such as is disclosed by the affidavit of defense, he must have been able to show that he would have been successful: Western Union Telegraph Co. v. Semmes, 73 Md. 9.

*F. F. Brightly, P. P.*, for appellee.

OPINION BY RICE, P. J., February 16, 1897:

The cause of action set forth in the plaintiff's statement arose out of a special contract of the defendant to pay him $250 in full for and in consideration of his services as an attorney at law rendered to the defendant prior to the date of the contract in the matter of the defendant's application for a retail liquor license and in the matter of the defendant's remonstrance against another application. The defendant, instead of deny-

ing in general terms the existence of such a contract, stated the facts and left the court to judge of their legal effect. In so doing he avoided the fault, which has been so frequently condemned, of merely swearing to his conclusions of law. Nor did he commit the other error of loading down his affidavit with mere recitals of evidence, instead of stating the facts. He alleges that he engaged the plaintiff and another member of the bar to apply for a retail liquor license, and agreed to pay them a fee of $1,000 contingent upon success; that afterwards, at their solicitation, he paid them $100 on account; that still later they demanded of him additional money; whereupon he expressed dissatisfaction with their conduct, and notified them that he would engage other counsel, which he afterwards did. We make no comment on the character of the contract. For present purposes it is assumed that it was valid; but there was nothing in its terms which interfered with the defendant's control of the proceeding, or with his right to discharge his attorneys and to employ another. And if their right to recover were to be determined by the result, they would be entitled to recover nothing, because the license was refused. They certainly would not have been entitled to recover the whole fee, without showing that if they had been retained they would have succeeded in obtaining the license; and, as from the very nature of the case it would have been impossible for them to show that, the most that they could have recovered was reasonable compensation for services rendered prior to the time when they were discharged.

A similar question was very fully and ably discussed in the case cited by appellant's counsel (Western Union Tel. Co. v. Seemes, 73 Md. 9), and the distinction was clearly pointed out between such a contract and a contract to build a house or to do other work which the plaintiff is prevented by the defendant from completing. This then was the condition of affairs at the time the contract alleged in the statement was entered into. The plaintiff had a claim for reasonable compensation for services theretofore rendered for the defendant at the latter's request. It is argued that a past consideration is, in effect, no consideration at all; that is to say, it confers no benefit on the promisor, and involves no detriment to the promisee in respect of his promise; therefore, as it appears from the plaintiff's state-

ment that the consideration upon which the alleged promise to pay $250 was based, was past and executed, the plaintiff has failed to set up a good cause of action.    In Cunningham v. Garvin, 10 Pa. 366 it was said : " Now though anciently this ('a past consideration flowing from a benefit conferred') was thought inadequate to support a promise to pay, it has long been settled that a benefit derived from the unsolicited services of another, creates a moral obligation of sufficient potency to sustain an express promise."    In support of this proposition the court cited Greeves v. McAllister, 2 Bin. 591 ; Clark v. Herring, 5 Bin. 33 ; Nesmith v. Drum, 8 W. & S. 9.    So in Albany City Ins. Co. v. Whitney, 70 Pa. 248, Mr. Justice SHARSWOOD said: " But a benefit conferred or services rendered, though purely voluntary, is sufficient consideration to support an express promise."    In Paul v. Stackhouse, 38 Pa. 302, Mr. Justice WOODWARD said : " It is true as a general rule, that the consideration which binds a surety must be executory ; but where the thing was done at the instance or request of the surety a past consideration binds him."    He also quotes with approval the rule as stated in Pitman on Principal and Surety, that where the act was done at the request of the party promising, the promise is not a naked one, but couples itself with the precedent request, and is, therefore, founded on a good consideration. It would seem, without further citation of authorities, that the doctrine as to past consideration, as broadly asserted by the defendant's counsel, has not been adopted unqualifiedly in this commonwealth.    But be that as it may, according to the defendant's own showing the principle contended for· by him is not applicable to the contract in suit, if one was made.

While in general it is true that a mere agreement to accept a smaller sum in discharge of a larger, is not binding for want of consideration, yet a contract made in compromise and settlement of a disputed and doubtful claim is binding.    It relies for its support not on a past consideration alone, but on a present benefit.    The plaintiff, being asked what he would take in settlement of his claim for past services, demanded $500.    The defendant was unwilling to admit that he was entitled to so much.    Here was a dispute, not as to the defendant's liability, but as to the amount.    It could only be settled by agreement or by litigation, and certainly there is no hard and fast rule of

law which drove them to the latter method. If, in settlement and compromise of this disputed and unliquidated claim, the defendant offered to pay $250, and the plaintiff accepted the offer, the contract was binding on both parties. But was there such a contract? This question is to be decided on the averments of fact contained in the affidavit of defense, which, for present purposes, we must assume contain the whole truth regarding the negotiations. The plaintiff having stated that he would take $500 in settlement, the defendant asked, "wouldn't half that sum be sufficient?" This was not an offer to pay $250, and if the plaintiff had given an affirmative answer the defendant would still have been at liberty to accept or decline the new proposition; for that, in reality, was what it would have been. But the plaintiff did not see fit to offer to take $250, but replied, "well anything at all you like." Inasmuch as the defendant had not expressed a willingness to pay any definite sum, much less $250, this reply cannot be construed as an acceptance of a proposition to pay that sum. The plaintiff's next question, "License or no license?" indicated that he did not propose to leave the terms of the settlement wholly to the discretion of the defendant, and when the latter replied "all right" the plaintiff made no reply. As we construe this loose and disjointed conversation, which the defendant alleges was all that was had, it shows negotiations for a settlement and compromise of the plaintiff's claim for the past services, but not an offer accepted, binding both parties—the defendant to pay $250, and the plaintiff to relinquish any claim for a greater sum. If both were not bound, neither was. We are of opinion that upon the facts averred in the affidavit of defense the defendant was entitled to have the case submitted to a jury.

Judgment is reversed and a procedendo awarded.