Jermyn <i>versus</i> Moffitt.

75　　　399
30 SC ¹295

1. When an order is drawn for the *whole* of a fund it is an equitable assignment of it and binds the fund in the hands of the drawee after notice.

2. An order drawn for part of a fund is not an assignment unless the drawer accepts the draft or an obligation to accept may be implied from the custom of trade or course of business between the parties.

3. An assignment which professes to transfer a debt for wages not yet earned against any person who may thereafter employ the assignor, although there be notice of the assignment to the employer is insufficient without his acceptance.

4. To have an answer applicable to the evidence in the case, it should be so indicated in the point submitted.

[Jermyn *v.* Moffitt.]

March 10th 1874.   Before AGNEW, C. J. SHARSWOOD, MERCUR and GORDON, JJ.   WILLIAMS, J., at Nisi Prius.

Error to the Mayor's Court of the city of *Carbondale :* No. 150, to July Term 1873.

This case was originally brought by Patrick Moffit against John Jermyn, before a justice of the peace, and removed into the Mayor's Court by appeal October 24th 1871.

The plaintiff claimed to recover wages due by defendant to John Leslie, which he had assigned to plaintiff by the following paper :

" In consideration of existing indebtedness to Patrick Moffitt, I do hereby assign and set over to the said Moffitt five dollars a month of my earnings, in the employment of the Delaware and Hudson Canal Company, or with whomsoever I may be employed, until the amount due said Moffitt is paid.   Amount due $42.98.
Carbondale, January 22d 1867.

                                        JOHN LESLIE."

The plaintiff testified that April 1st 1867, he spoke to defendant about Leslie's wages, defendant said he would be up again in a few days ; about ten days after plaintiff handed defendant a copy of the assignment ; Leslie was then at work for defendant, who said he would attend to it.   He had other conversations with defendant, in none of which the plaintiff said anything definite until about January 1868, when he refused to pay the money ; saying that Leslie was indebted to him.

The defendant testified that when Leslie came to work for him he was building a house for Leslie, which was to be paid out of Leslie's wages, after deducting the account for his current supplies for the maintenance of himself and family, which were to be furnished by defendant ; at Leslie's death he was indebted to the defendant, and the debt was unpaid.

The defendant's points were :—

1. An assignment can only be made of moneys due or owing, and not *in futuro* of moneys to be earned.

2. A person laboring for another to pay a debt due his employer is not at any time vested with rights that he can assign, as to his wages, there being nothing due until the debt is paid.

3. In this case, the debt of Jermyn being unpaid at the time of service, and to this time, nothing was due JohnLeslie or to be due until said debt was paid, and which to date having not been done, the plaintiff cannot recover.

The court answered :—

" 1. A party is competent to assign wages to come due if the vested rights of third parties are in nowise prejudiced thereby, and we answer defendant's first point in the negative.

[Jermyn v. Moffitt.]

"2. The second point we say is substantially correct, and therefore we affirm it.

"3. This point is as to the facts of the case which are for the jury to pass upon, and which if they find that the defendant was at no time indebted to John Leslie, from the time when the assignment was first presented to him until Leslie ceased to work for him, then Jermyn, the defendant, is not liable; but if the plaintiff did, about five years ago, hand the defendant a copy of the assignment given in evidence, and the man Leslie continued in his employment thereafter, the defendant would have the right to collect from the laborer any balance due him at the time of notice, and would thereafter be responsible to the plaintiff at the rate of five dollars per month until the assignment was paid."

The verdict was for the plaintiff for $54.52.

The defendant took a writ of error, and assigned for error the answers of the court to the defendant's first and third points.

*P. C. Gritman* (with whom was *A. Hand*), for plaintiff in error.—A bill or order drawn upon a part of a fund only, will not be considered an assignment unless the drawer has assented to it: Mandeville v. Welch, 5 Wheat. 285; Walker v. Russell, 17 Pick. 188; Fairgreaves v. Lehigh Navigation Co., 2 Phila. Rep. 182; Skipper v. Stokes, 42 Ala. 255.

There was no appearance or paper-book for the defendant in error.

The opinion of the court was delivered, May 11th 1874, by

MERCUR, J.—The first assignment of error is to the answer of the court on an abstract proposition submitted by the plaintiff in error. In view of the broad and general terms in which the point was presented, we see no error in the answer. In some cases a valid assignment may be made of moneys thereafter to be made, or of grain thereafter to be grown: Grantham v. Hawley, Hobart 132; Petch v. Tutin, 15 M. & W. 109; or of the future earnings of a railroad: Bittenbender v. S. & E. Railroad Co., 4 Wright 270. If counsel desire an answer applicable to the evidence in the case being tried, they should so indicate it in their point submitted.

The second assignment involves the sufficiency of the transfer to give a right of action to Moffitt against Jermyn. Leslie assigned to Moffitt "five dollars a month of my earnings in the employment of the Delaware & Hudson Canal Co., or with whomsoever I may be employed, until the amount due said Moffitt is paid." Jermyn's name is not mentioned in the assignment. It does not appear, that, at the date thereof, Leslie was in his employ, or that any business relations then existed between them.

[Jermyn *v.* Moffitt.]

The court charged substantially, if Moffitt did, within a few months after the assignment was made, hand a copy of it to Jermyn, and Leslie continued in his employment thereafter, then Jermin became responsible to Moffitt at the rate of five dollars a month out of wages so earned by Leslie, until the amount due from the latter to Moffitt was paid. The answer wholly excludes from the jury all question in regard to any acceptance by Jermyn, and any express or implied agreement of his, to pay. The court assumes as matter of law, that if Moffitt merely handed a copy of the assignment to Jermyn, and Leslie thereafter continued in his employ, it gave Moffitt a right of action against Jermyn. It is true, where an order is drawn for the whole of a particular fund, it amounts to an equitable assignment of that fund, and after notice to the drawee, it binds the fund in his hands. Where, however, the assignment is of a part only of the fund the law seems to be otherwise. Thus, it was said by Mr. Justice Story, in giving the opinion of the court in Mandeville *v.* Welch, 5 Wheat. 277, "when the order is drawn on a general or a particular fund for a part only, it does not amount to an assignment of that part, or give a lien as against the drawee, unless he consent to the appropriation by an acceptance of the draft; or an obligation to accept may be fairly implied from the custom of trade or the course of business between the parties, as a part of their contract." The reasons which he gives are, that a creditor should not be permitted to split up a single cause of action into many actions, without the assent of his debtor, thereby subjecting the latter to embarrassments and responsibilities not contemplated in his original contract. It was held in Gibson *v.* Clark, 20 Pick. 15, that the assignment of part of a debt will not bind the debtor, either in equity or at law, nor deprive him of the right to pay the whole to the assignor, after notice that a part has been transferred to the assignee. All the decisions relating to this question of assignment are not in entire harmony. We shall not now attempt to reconcile them. We, however, are clearly of the opinion that an assignment like the present one, which professes to transfer a debt to arise for wages not yet earned, against any person by whom the assignor may thereafter be employed, although followed by a subsequent notice of the assignment to such an employer, is insufficient, without acceptance, to make a valid transfer of the debt against the employer. The second assignment of error is sustained.

Judgment reversed, and a *venire facias de novo* awarded.