# Botsford *v.* Lull, Appellant.

*Assignment—Equitable assignment—Contract—Performance.*

Where a contractor directs in writing the owner to pay to a bank a sum named, and charge it to the contractor's account on the contract, the writing is, for the purpose of this case, assumed to be an equitable assignment, but not decided that it is such; and if a suit is subsequently brought on the paper in the name of the contractor to the use of the bank, no recovery can be had by the plaintiff unless it is shown that the contractor fully complied with the contract.

Argued Nov. 20, 1905. Appeal, No. 20, Oct. T., 1905, by defendant, from judgment of C. P. Bradford Co., Dec. T., 1902, No. 214, on verdict for plaintiff in case of Botsford & Kunes to use of Athens National Bank v. Julia A. Lull. Before RICE, P. J., ORLADY, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Assumpsit on an assignment of part of a claim. Before FANNING, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $484.20. Defendant appealed.

*Error assigned* among others was (15) in entering judgment on the verdict.

*D. C. De Witt*, for appellant, cited: Saylor v. Bushong, 100 Pa. 23; Maginn v. Dollar Savings Bank, 131 Pa. 362; Hazleton Co. v. Improvement Co., 143 Pa. 573; Reilly v. Daly, 159 Pa. 605.

*L. T. Hoyt*, for appellee, cited: Steuart v. Line, 11 Pa. Superior Ct. 345; Erie City Iron Works v. Barber et al., 118 Pa. 6; Todd v. Insurance Co., 9 Pa. Superior Ct. 381; Gotshall v. Langdon & Co., 16 Pa. Superior Ct. 158.

OPINION BY MORRISON, J., March 12, 1906:

This is an appeal by the defendant from the judgment of the court below granted against her as a matter of law, and the cause of action upon which the plaintiff claimed was as follows: "September 24, 1902. Mrs. Julia A. Lull, Sayre Pa. On or before October 1, 1902, pay to the Athens National Bank, four hundred and fifty dollars ($450.00) and charge to our account on contract for brick block on Desmond street, Sayre, Pa. Botsford and Kunes." The defendant never accepted this order nor agreed to pay it, but she received notice of it on September 26, 1902, by the cashier of the bank sending her the original order.

The suit was first brought in the name of the Athens National Bank v. Julia A. Lull, and a declaration was filed claiming upon said order, upon the theory that the defendant was indebted to Botsford and Kunes on a contract for the erection and construction by them for her of a certain brick building, and that the bank made inquiries of the defendant, through her agent, if she would pay an order of $450, if drawn upon her by the said Botsford and Kunes. The declaration averred the promise of said defendant, through her agent, to pay said order if so drawn. Here it may be well to state that the bank gave nothing for said order, except an agreement to extend payment upon a note made by Botsford and Kunes and the payment thereof guaranteed by G. L. Van Scoten, which the bank then held and which was due. In consideration of said order the bank extended payment of said note for ten days from the date of the order.

When the counsel for the bank learned, during the trial, that he could not sustain his cause of action attempted to be

set forth in his declaration, he moved to amend the form of action and the record so that it would read Botsford and Kunes, to the use of Athens National Bank v. Julia A. Lull.

The court allowed this amendment, against the objection of the defendant, and granted her an exception, and this action of the court gives rise to the first and second assignments of error.

As the record then stood there was no declaration in the name of the legal plaintiffs to the use of the bank; the contract out of which the legal plaintiff's claim arose was not declared upon; the substance of it was not set forth in the declaration and there was no copy thereof attached to the declaration nor filed therewith. In making this amendment the use plaintiff at once assumed the burden of showing that Botsford and Kunes had so complied with their written contract with the defendant, dated June 19, 1902, that they could then sue and recover money from the defendant. The only reference contained in the declaration in regard to this contract was the following: " The defendant had contracted with Botsford and Kunes for the erection and construction by them for her of a certain brick building in the borough of Sayre, . . . . and defendant replied to plaintiff that she was indebted to said Botsford and Kunes upon said contract in a sum more than $450, and that if plaintiff presented to her an order for said amount, signed by Botsford and Kunes, that she would accept the same and pay to the said plaintiff the sum of $450." But this averment was not sustained by the evidence and the court so held. We, therefore, have the anomoly of the plaintiff attempting to show that Botsford and Kunes had complied with their written contract with the defendant, without declaring on it, so that they had a right to maintain an action against her when this suit was brought, for the sum of $450, because on no possible theory could the plaintiff recover, except that the writing of September 24, 1902, was an equitable assignment of $450 then due Botsford and Kunes or to become due thereafter on said contract. It was not declared upon, but it was put in evidence by the plaintiff, and we have a right to consider its contents.

We next come to the question of whether the paper of September 24, 1902, operated as an equitable assignment to the

bank.   Counsel for the defendant contends that this paper was
invalid because it was not accepted by the defendant, and he
cites : Bank v. Shoemaker, 117 Pa. 94 ; Saylor v. Bushong, 100
Pa. 23 and Maginn v. Dollar Savings Bank, 131 Pa. 362 ; but
these are cases relating to checks or bills of exchange and they
do not refer to equitable assignments : Beaumont Bros. v.
Lane, 3 Pa. Superior Ct. 73, is an authority tending to estab-
lish the doctrine that the paper of September 24, 1902, was an
equitable assignment to the bank of $450 of the money due or
to become due under the contract in question.   The contract
was entire for the construction of a brick building, the con-
tractors being entitled, from time to time, to payments upon
furnishing evidence as to their progress with the work.   The
consideration money was to be paid to the contractors by the
defendant.   We are not convinced that it has been conclu-
sively settled in this state that the legal plaintiffs can split up
the consideration under such a contract, and assign portions
of it to different persons so that they can sue and collect in
the name of the legal plaintiffs to their use.   But the view we
take of this case renders it unnecessary to conclusively deter-
mine this question.   We can assume that the assignment was
good and that it clothed the assignee with the right to main-
tain this suit, if there was a debt due the drawers, or a fund
belonging to them in the hands of the defendant, which at
the time the drawers had a right to demand payment of.   In
such case the burden rested on the plaintiff to show that the
drawers had so complied with their contract, when the suit
was begun, that the money was due.   The evidence did not
warrant submitting this question to the jury, much less giv-
ing a binding instruction in favor of the plaintiff.

Some of the cases on equitable assignments are the follow-
ing : Geist's Appeal, 104 Pa. 351 ; Jermyn v. Moffit, 75 Pa.
399 ; Appeal of Philadelphia, 86 Pa. 179 ; Bispham's Eq., 7
ed., sec. 166 ; Caldwell v. Hartupee, 70 Pa. 74 ; Nesmith v.
Drum, 8 W. & S. 9 ; Ruple v. Bindley, 91 Pa. 296 ; Hazleton
Mercantile Co. v. Union Imp. Co., 143 Pa. 573.

For the purposes of this case we will follow the Beaumont
case and determine this one upon the theory of an equitable
assignment of a portion of the legal plaintiff's claim to the
bank.   It must be conceded, however, that the cases make a

marked distinction between assigning a whole contract or claim and cutting it up and assigning portions thereof to different parties. In the present case, the defendant, on September 29, 1902, after notice of the alleged assignment, paid to Botsford and Kunes $450 on the contract. A careful reading of the testimony, the charge of the court and the arguments of counsel, convince us that the learned court gave a binding instruction against the defendant, not because the plaintiffs showed that they had complied with their contract, but because by certain inducements and representations they persuaded the defendant to pay them (the legal plaintiffs) on September 29, 1902, $450, which the use plaintiff contends ought to have been paid to it under the assignment of September 24, 1902.

Under the doctrine of Beaumont Bros. v. Lane, 3 Pa. Superior Ct. 73 and the uncontradicted evidence that the defendant had notice of the assignment two or three days before she paid the $450 to Botsford and Kunes, there might be a recovery in this case if the legal plaintiffs had complied with their contract so that they could have sued the defendant and recovered on an action begun at the date of the present one. Upon consideration of the case in this aspect we are of the opinion that the plaintiff signally failed to show a compliance with the contract of June 19, 1902, and, therefore, the defendant's point quoted in the fourteenth assignment of error ought to have been affirmed. This assignment is as follows : " The court erred in refusing defendant's point. The point and answer are as follows : ' Counsel for the defendant has requested the court to charge the jury that under all the evidence in the case the verdict of the jury must be in favor of the defendant. We decline to so charge, but direct you to find for the plaintiff in the sum of $450, to which you will add interest from October 1, 1902. Counsel for defendant except to the above charge and answer to points before verdict, and request that the same be reduced to writing and filed.' Bill sealed for defendant."

The above assignment of error must be sustained. After the amendment bringing the legal plaintiffs upon the record, the learned court rightly instructed the jury that the burden was upon the plaintiff to show a compliance with the contract and the right to collect money thereon, and that on no theory could the plaintiff recover, except that the writing of September 24,

1902, was an equitable assignment to the bank of $450 arising out of the contract. In any view of the evidence and the law, questions of fact were raised for the consideration of the jury. The learned court delivered an elaborate charge which seems to point to an intention to submit the questions of fact to the jury. If the court did not so intend, it is difficult to understand the purpose of the lengthy charge. The payment by the defendant of $450, September 29, 1902, to the legal plaintiffs, may have been some evidence against the defendant, but it was not sufficient in connection with the other evidence to carry the question of her liability to the jury, much less to warrant a binding instruction in favor of the plaintiff. But when the evidence was closed and the defendant asked for a binding instruction in her favor, the learned court seems suddenly to have reached the conclusion that she ought to pay $450 to the use plaintiff, as a penalty, perhaps, notwithstanding the fact that she had paid it to the legal plaintiffs on September 29, 1902. It does not seem to have been put upon the ground that the legal plaintiffs had complied with their contract. But if it was put upon that ground the evidence did not warrant the conclusion. The fact that the legal plaintiffs were able on September 29, 1902, by persuasion, representations, etc., to induce the defendant to hand over to them $450, which they could not then have legally collected, furnished no ground for the court to give a binding instruction in favor of the plaintiffs for the recovery of another $450.

We find in the record fifteen assignments of error. We do not sustain the first and second, relating to the amendment of the record, and having sustained the fourteenth, which disposes of the case, relieves us from passing upon the other twelve assignments, although some of them might have been sustained. The plaintiffs have had their day in court and having failed to make a case, they are not entitled to another experiment.

The judgment is reversed.