Opinion by
Morrison, J.,
In this case there was a verdict in favor of the plaintiffs for the amount of a written order, drawn October 3, 1904, by Sterling Simcox, on the defendant, in favor of the plaintiffs, for $109.55. At the trial the order was not produced, but there was sufficient evidence of its loss and of diligent search for it, to permit proof of its contents. There is evidence in the record that the defendant orally accepted the order, but there is absolutely no evidence that he ever accepted it in writing. The jury having found in favor of the plaintiff, we can assume the facts as above stated. There was evidence from which the jury could find that the defendant owed Simcox the amount of the order. The learned counsel for the defendant asked for a binding instruction in favor of the defendant. The court refused this motion and reserved the question of whether or not there is any evidence in the cause that will entitle the plaintiff to recover. After argument and consideration, the learned court below entered judgment in favor of the defendant non obstante veredicto. The single assignment of error is based on this judgment. .
The learned counsel for the plaintiffs contend that the order *358 was an equitable assignment of the amount of it by Simcox to the plaintiffs. In our opinion, the whole evidence, as to the contents of the order, is much too vague, loose and uncertain to constitute it an equitable assignment of any certain or special fund in the hands of Guelich. “A draft drawn by a creditor upon his debtor, in favor of a third person, whether accepted of not, does not make such third person a part owner of the creditor’s claim, either in law or equity. It is not even in' equity a partial assignment of the claim, unless it be drawn upon a particular fund in the debtor’s hands, or unless the draft designates the claim out of which payment is to be made Insurance Co. v. Simmons, 30 Pa. 299 (see p. 302); see also Com. ex rel. v. Ins. Co., 162 Pa. 586; Botsford v. Lull, 30 Pa. Superior Ct. 292.
But if we assume that the order was an .equitable assignment of the amount of it in the hands of Guelich, it will not help the plaintiffs to recover. They sued in their own name, but if the order amounted to an equitable assignment, the suit ought to have been in the name of Simcox as legal plaintiff and for the use of plaintiffs. The cause of action was the debt owed to Simcox by the defendant and in such case the plaintiffs cannot sue in their own name.
In Maginn v. Dollar Savings Bank, 131 Pa. 362, the Supreme Court said: “If we treat it as an equitable assignment, it is clear that Maginn could not sue thereon in his own name.” See also Botsford v. Lull, 30 Pa. Superior Ct. 292; Moeser, adm’r, v. Schneider, 158 Pa. 412; Day and Sharpe’s Assigned Estate, 21 Pa. Superior Ct. 118.
The next serious question confronting the plaintiffs is the right to sue and recover on an order for more than $20.00, in their own name, on an oral acceptance. If we' assume that the jury found that the defendant owed Simcox on October 3, 1904, or thereafter, $109.55, and that the defendant agreed orally to pay the order of that date drawn on him, by Simcox, in favor of the plaintiffs, there could not be a legal recovery in the present suit. This for the reason that the oral acceptance of the order does not create a new cause of action on which the plaintiffs could sue and recover in their own names. The *359 Act of May 10, 1881, P. L. 17, reads: “That no person within this state shall be charged, as an acceptor on a bill of exchange, draft or order drawn for the payment of money, exceeding $20.00, unless his acceptance shall be in writing signed by himself, or his lawful agent:” Maginn v. Dollar Savings Bank, 131 Pa. 362; Howes v. McCrea, 21 Pa. Superior Ct. 592.
Upon the whole record we reach. the conclusion that the plaintiff failed to establish a legal cause of action against the defendant and, therefore, the learned court was right in entering judgment in favor of the defendant non obstante veredicto.
The assignment of error is dismissed and the judgment is affirmed.