## Vetter to use, Appellant, v. Meadville.

*Assignment—Partial assignment of debt—Acceptance by debtor —Municipalities—City treasurer—Authority—Power of city treasurer—Burden of proof.*

No suit can be maintained on a partial assignment of a debt unless it appears that the debtor assented to the assignment.

An assignment by a city contractor of a portion of his claim against the city, and the assent to the assignment by the city treasurer, cannot be made a basis of an action against the city, unless it appears by the plaintiff's case that the city treasurer had authority to assent to the assignment on behalf of the city. No such authority is implied from his office.

Argued April 24, 1912. Appeal, No. 139, Jan. T., 1912, by plaintiff, from judgment of C. P. Crawford Co., May

564 VETTER TO USE, Appellant, *v.* MEADVILLE.

T., 1911, No. 47, sustaining demurrer to statement of claim in case of George J. Vetter for use of the Pittsburgh-Buffalo Company v. Meadville. Before BROWN, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Demurrer to statement of claim. Before PRATHER, P. J.

Plaintiff's statement, briefly summarized, set forth that George J. Vetter, the legal plaintiff, on or about the 13th day of May, 1907, was awarded the contract by the defendant to grade, curb and pave a certain street in the city of Meadville, using Pittsburgh-Buffalo block paving brick. When the use plaintiff was notified by the legal plaintiff that he had secured said contract, it refused to furnish the brick to him until about the 2nd day of May, 1907, when he signed an order, authorizing the city treasurer of Meadville to pay to it, the use plaintiff, moneys becoming due on account of said brick to be furnished and used.

That said order was accepted by said city treasurer, and thereafter the use plaintiff furnished to the legal plaintiff the brick required under said contract, to the amount of ten thousand ($10,000.00) dollars or upwards. That the brick so furnished were used in the completion of said contract; that the contract was completed on or about the 7th day of January, 1908; that the final estimate of the engineer, showing a balance due the contractor of $6,781.86, under date of January 8, 1908, was approved by the select and common councils of said city on the same date; that on the 15th day of January, 1908, the use plaintiff gave to the select and common councils of the city of Meadville notice of the aforesaid order, directed to its city treasurer and duly accepted by him.

The said order and acceptance are as follows:

"Meadville, Pa., May 2, 1907.
"The City of Meadville, Meadville, Pa.:

"You are hereby authorized and directed to retain from money due or to become due me under my contract with the city of Meadville, Pa., dated March 27, 1907, for the grading, curbing and paving of Park avenue from Chestnut street south to the city limits, and pay to the order of the Pittsburgh and Buffalo Coal Company eighty-five per cent. of the amount due them, as shown by their statements of account rendered for Pittsburgh and Buffalo repressed block furnished on my order, for paving Park avenue, as above described. The balance to be paid when work is completed and final estimate is made by the city engineer, and this shall be your full and complete authority for such payments.

"(Signed) GEORGE J. VETTER,
"*Contractor.*"

"I hereby accept the above as authority for retaining sufficient funds and paying same to the Pittsburgh and Buffalo Coal Company.

"CHARLES SCHMIDT,
"*City Treasurer.*"

Plaintiff's statement also averred that statements had been rendered from time to time and payments made on account of its bill for said brick so furnished, until its claim had been reduced to a balance of $6,172.45, which had been duly demanded from the defendant company and payment refused.

To this statement of claim and demand, the defendant demurred, assigning inter alia the following reason:

"1. It is not shown in the statement of claim that the defendant, through Charles H. Schmidt, or through any person legally authorized or having the power so to do, ever undertook, agreed or promised to pay the claim which plaintiff sets forth in his statement of claim."

*Error assigned* was the judgment of the court.

*W. A. Stone,* of *Stone & Stone,* with him *A. L. Bates* and *B. B. Pickett,* for appellant.—A person upon whom an order is drawn may accept and bind himself by his acceptance if it is only a part of the fund in his hands. It then becomes his contract after acceptance to pay that part which he has agreed to pay by the acceptance. This has always been the rule.

Meadville v. Welch, 18 U. S. (5 Wheaton) 277; Philadelphia's App., 86 Pa. 179; Botsford v. Lull, 30 Pa. Superior Ct. 292; Phœnix Iron Co. v. Philadelphia, 2 W. N. C. 596; Philadelphia v. Lockhardt, 73 Pa. 211.

Certainly notice to the city treasurer then is notice to the city, because no money could be paid out on the contract with Vetter except by the city treasurer. Therefore, he in the discharge of his official duty, did have to act upon it and to communicate it to his principal. Geist's App., 104 Pa. 351; Jermyn v. Moffitt, 75 Pa. 399; Gordon v. Jefferson City, 111 Mo. App. 23 (85 S. W. Repr. 617); McClerry v. Stoup, 32 Pa. Superior Ct. 42; Concrete Co. v. Rose, 57 Pitts. Leg. J. 61; Croyle v. Gulich, 33 Pa. C. C. R. 362; Miller v. Butler, 1 Cranch C. C. 470.

*James P. Colter* and *Frank J. Thomas,* for appellee.— An officer assuming to bind the municipality by contract must produce express authority for his power thus to represent the corporation in a contractual relation, and a contract made without authority will not bind the municipality unless it is duly ratified.

The city treasurer has no authority to bind the city. Wright v. Weber, 17 Pa. Superior Ct. 451; Wyoming County v. Bardwell, 84 Pa. 104. Plaintiff's statement of demand makes no averment that defendant, by any valid authority, assented to the assignment.

Meadville v. Welch, 18 U. S. (5 Wheaton) 277; Philadelphia's App., 86 Pa. 179; Geist's App., 104 Pa. 351; Botsford v. Lull, 30 Pa. Super. Ct. 292.

OPINION BY MR. JUSTICE STEWART, May 22, 1912:

The plaintiff's statement of claim discloses no cause of action; it is lacking in an essential feature. The suit was brought for and on behalf of the use plaintiff to recover from the city of Meadville a portion of the contract price for which the legal plaintiff, Vetter, had undertaken to grade, curb and pave a portion of a certain street in the city, and which amount it was averred Vetter had assigned to the use plaintiff. The assignment declared on, it will be observed, was but a partial one. The right of recovery therefore, other things being sufficient, depended on whether the city of Meadville had assented to it. Jermyn v. Moffitt, 75 Pa. 399; Philadelphia's Appeals, 86 Pa. 179; Geist's App., 104 Pa. 351. The averment is that "on or about May 2, 1907, George J. Vetter made and signed an order upon the city of Meadville, or its city treasurer, Charles H. Schmidt, authorizing and directing him to retain money due said contractor, and pay the same to the Pittsburgh-Buffalo Company 85 per cent. as shown by its statement of account rendered; ...... that the said city treasurer accepted said order and agreed to retain the said money and pay the same to the said use plaintiff, the Pittsburgh-Buffalo Company, as shown by the assignment, order or acceptance, copy of which assignment, order and acceptance is hereto attached." The assignment, more properly speaking, the order, signed by Vetter, was directed to the city treasurer, and it simply authorized and directed him to retain from money due or to become due under his contract, and pay same to the order of the Pittsburgh-Buffalo Company as set out in the averment for repressed block furnished on Vetter's order. The entry on the order by the city treasurer was as follows: "I

hereby accept the above as authority for retaining sufficient funds and paying the same to Pittsburgh and Buffalo Coal Company," signed "Charles H. Schmidt, City Treasurer." Whether this acceptance constituted a contract giving rise to duties and obligations we shall not discuss; for assuming that it was such contract, it certainly could give rise to no duty or obligation upon the defendant municipality, except as it was shown that the city treasurer had authority to act for the municipality in making the contract. There was no averment that he had other authority than that implied from his office. Certainly something more was required, for the powers and functions of that official, defined by act of assembly, are limited to the receiving moneys payable to the city and paying all warrants duly countersigned by the controller. The exercise of any authority other than this, except as specially authorized would be pure assumption on his part from which could arise no liability on the part of the city. In the case of First National Bank v. Newcastle, 224 Pa. 285, where the act of a city treasurer was the basis of a suit, we said, "The duties of B, as city treasurer, were limited to receiving the moneys of the city and paying them out on warrant. He had no authority by virtue of his office to do anything else for it or in its name, and was powerless to make any promise on its behalf. An obligation signed by him as city treasurer could no more commit the city to its discharge than if signed by himself as an individual." The statement here avers that the use plantiff notified the city council of Meadville and the mayor of "this order and assignment and its acceptance by the city treasurer and his agreement to retain the money mentioned and pay it over to the Pittsburgh-Buffalo Company." But this of itself would not fasten liability on the city. Had it been an assignment of the entire sum due in the contract, notice to the city under the authority of Philadelphia v. Lockhardt, 73 Pa. 211, would have been sufficient to charge the

city therewith; but where the assignment is only of a part of the fund more than notice is required, the assent of the city must be averred and shown. The statement of claim lacking any averment of assent, and the acceptance by the treasurer being insufficient to impose liability on the city the demurrer was properly sustained. The assignments of error are overruled and the judgment affirmed