## Pittsburgh-Buffalo Company, Appellant, *v.* Schmidt, et al.

*Public officers—City treasurer—Principal and surety.*

1. Neither a city treasurer nor his sureties can be held liable to an assignee of a part of a city contractor's claim against the city, because he has assented to the assignment on behalf of the city without authority to do so.

2. An official bond, such as that of the city treasurer, imposes no liability on the surety for acts not done as part of, or in connection with, official duty.

3. When a man deals with an officer of a municipal or other corporation, and no representations are made by such officer, and he simply proposes to bind the corporation, but as a matter of fact the corporation is not bound because the contract is ultra vires, the officer is under no personal liability.

Argued April 24, 1912. Appeal, No. 140, Jan. T., 1912, by plaintiff, from judgment of C. P. Crawford Co., May T., 1911, No. 48, for defendant, on demurrer to statement in case of Pittsburgh-Buffalo Company v. Charles H. Schmidt and the United Stated Fidelity & Guaranty Company. Before BROWN, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Demurrer to statement of claim. Before PRATHER, P. J.

The facts appear by the opinion of the Supreme Court and by the report of Vetter v. City of Meadville, 236 Pa. 563.

570 PITTS.-BUFFALO CO., Appel., *v.* SCHMIDT, et al.

*Error assigned* was judgment for defendant on the demurrer.

*W. A. Stone,* of *Stone & Stone,* with him *Arthur L. Bates* and *B. B. Pickett,* for appellant.—An official who has the discretion may not be liable to third persons injured by the unlawful exercise of that discretion, but his malice and corrupt motives may be inferred from the circumstances. Weckerly v. Geyer, 11 S. & R. 35; Yealy v. Fink, 43 Pa. 212; Gregory v. Brooks, 37 Conn. 365; McCormick v. Burt, 95 Ill. 263; Bernier v. Russell, 89 Ill. 60; Parkinson v. Parker, 48 Ia. 667; Kinneen v. Wells. 144 Mass. 497 (11 N. E. Repr. 916); Goetcheus v. Matthewson, 61 N. Y. 420.

*Frank J. Thomas* and *Manley O. Brown,* with them *Fred C. Kiebort,* for appellees.—When the parties deal with a public officer as a public agent and he neither asks nor receives credit as an individual, he was not personally liable on said agreement or on transactions based upon or growing out of the same. Cook v. Irvin, 5 S. & R. 492; Heidelberg School Dist. v. Hort, 62 Pa. 301; West v. Jones, 9 Watts 27; Miller v. Ford, 55 Am. Dec. 687; Parks v. Ross, 52 U. S. 362; Brown v. Austin, 1 Mass. 208 (2 Am. Dec. 11); Ogden v. Raymond, 22 Conn. 379 (58 Am. Dec. 429); Sanborn v. Neal, 4 Minn. 126 (77 Am. Dec. 502); Newman v. Sylvester, 42 Ind. 106; New York and Charleston Steam Ship Co. v. Harbison, 16 Fed. Repr. 688.

OPINION BY MR. JUSTICE STEWART, May 22, 1912:

In this action the effort was to charge the defendant, Charles H. Schmidt, with personal liability for his failure as treasurer of the city of Meadville, to retain out of the money due from the city to George J. Vetter on the latter's contract, the amount Vetter had assigned thereout to this plaintiff. The action was against the bonding company that had become surety

for Schmidt as treasurer to the city, as well. The facts appear in the case of Vetter to use versus City of Meadville, to No. 128, January Term, 1912, 236 Pa. 563, just decided, and they need not be repeated here. The appeal is from a judgment sustaining a demurrer to plaintiff's statement. In the case referred to, we held that in accepting the order or assignment as authority for retaining so much of the money as might become due to Vetter on his contract and paying it to the plaintiff, the defendant, Schmidt, was acting outside his duty, and that therefore his act imposed no liability on the city. The obligation of this bond was that Schmidt would well, faithfully and truly discharge his official duties as treasurer. Such an obligation imposes no liability for acts not done as part of or in connection with official duty. It sometimes becomes a question whether the act complained of is a duty appurtenant to the office when, as was the case of McCaraher v. Commonwealth, 5 W. & S. 21, the character and bounds of the officer's duty are left to be determined by the nature of the office, the general principles of convenience, policy and public security, by usage and by such matters of express legislation as may be connected with the subject; but where, as in this case, the duties of the office are expressly defined by law all such questions are avoided. Having decided that the act of Schmidt on which plaintiff rests its present action was not within the scope of his official duty, it follows that no cause of action was shown against the surety, the United States Fidelity and Guaranty Company, one of the defendants.

There is like insufficiency in the statement of cause of action against Schmidt, the other defendant. The plaintiff must be held to knowledge of the fact that in accepting the order from Vetter, Schmidt was acting without authority. "When a man deals with a corporation officer, and no representations are made by the latter, and he simply proposes to bind the corpora-

tion, but as matter of fact the corporation is not bound because the contract is ulta vires, the officer is under no liability." This was said by Mr. Justice BREWER in Holt v. Winfield Bank, 25 Fed. Repr. 812. The principle here asserted cannot be disputed. The assignments are accordingly overruled and the judgment is affirmed.