## R. W. & M. F. ROSE CO. v. MARVIN. In re HUGHES.

Circuit Court of Appeals, Third Circuit.

January 16, 1928.

No. 3603.

Bankruptcy ⊜188(3)—Order given by bankrupt to creditor held not equitable assignment and invalid as against trustee.

An order given to a creditor by bankrupt, who was plaintiff in a pending action against a county, directing his attorney or the county to pay to the creditor a certain sum from the amount recovered, to be applied on his debt, *held* not an equitable assignment and not to entitle the creditor to recover the proceeds of the judgment from bankrupt's trustee.

Appeal from the District Court of the United States for the Middle District of Pennsylvania; Albert W. Johnson, Judge.

In the matter of Wells S. Hughes, bankrupt; Frank M. Marvin, trustee. From an order denying the claim of the R. W. & M. F. Rose Company to a fund in the hands of the trustee, the company appeals. Affirmed.

David Cameron, of Wellsboro, Pa., for appellant.

Frank H. Rockwell, Crichton & Orvlett, and Rockwell & Rockwell, all of Wellsboro, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. This case concerns a fund arising from damages to a landowner caused by the construction of a county road through his premises. The pertinent facts are these: Prior to March 10, 1925, Hughes, the landowner, presented his claim for damages and the matter was so prosecuted by him in an action at law against the county that subsequently he recovered a judgment for some $900. On May 4, 1926, the county paid the balance of said judgment over and above an allowance for attorney's fees to the trustee in bankruptcy of Hughes, who had on February 18, 1926, been adjudged a voluntary bankrupt. On January 17, 1927, R. W. and F. M. Rose, the present appellants, presented a petition to the court below sitting in bankruptcy praying that Hughes' trustee pay them the money paid to him, as above, by the county of Tioga. The trustee answered, denying their right, and the matter was referred to the referee, who took proofs and reported the petition be denied and discharged. From an order confirming the referee's report, this appeal was taken by the Roses.

That the claim against the county was Hughes' property, that it passed to his trustee in bankruptcy and was paid by the county to such trustee are facts which entitle the latter to hold the same for the benefit of Hughes' creditors unless the Messrs. Rose can show a better right. This they seek to do by showing that on March 10, 1925, Hughes was indebted to them for about a thousand dollars, and on that date executed and delivered to them the paper printed in the margin.[1] This paper was never presented to the commissioners. The Roses did not seek to become parties in his suit against the county nor in fact was any claim made under it until January 17, 1927, when their recited petition was presented to the court below. Do these facts show a right in the Roses superior to that of the trustee? The referee and court held not, and we think rightly. Manifestly the paper was but an order to apply. There is no proof that Hughes paid his debt to the

Roses by giving the order or that they accepted it in extinguishment of the debt. It was but an attempt to give them as security a part up to $1,500 of Hughes' claim against the county, but under the law of Pennsylvania (Vetter v. Meadville, 236 Pa. 564, 85 A. 19; Appeal of Philadelphia, 86 Pa. 179), the county was under no obligation to recognize such a partial order or assignment. Moreover, under the authorities (Geist's Appeal, 104 Pa. 355), the Roses could not have enforced this order against either the county, Hughes, or his trustee, for, as was said by the Supreme Court in Christmas v. Russell, 14 Wall. 70, 20 L. Ed. 762, cited in the foregoing case:

"An agreement to pay out of a particular fund, however clear in its terms, is not an equitable assignment. * * * The assignor must not retain any control over the fund —any authority to collect, or any power of revocation. If he do, it is fatal to the claim of the assignee. The transfer must be of such a character that the fund holder can safely pay, and is compellable to do so, though forbidden by the assignor."

For the foregoing reasons we feel the decree dismissing the Rose petition should be, and is, affirmed.

---

[1] I, Wells S. Hughes, do certify that I have a claim for damages against Tioga county; that the claim is now pending in the courts of Tioga county and from the first proceeds of said claim the commissioners of Tioga county, or my attorney, C. H. Ashton, is hereby authorized and required to pay R. W. & M. F. Rose Company $1,500 or as their interest may appear, and this is an order on them so to do and will be their authority for so doing.